UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Vijay Soni | Civil Action No.: 1:23-mc-91<br>Related Case No. 2:18-md-2836 |

**MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE TRIAL WITNESS APPEARANCE ORDER AND MOTION FOR AN ORDER TO SHOW CAUSE WHY VIJAY SONI SHOULD NOT BE COMPELLED TO TESTIFY AT TRIAL ON APRIL 19, 2023**

Petitioners are among the plaintiffs in the multidistrict litigation set to start trial on April 17, 2023 in the Eastern District of Virginia in the matter of *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-2836. Petitioners seek enforcement by this Court of the Rule 43 trial witness appearance order issued by the *Zetia* MDL court for Vijay Soni, who resides in this district, in Suffern, New York, well within 100 miles of this Courthouse. Soni was one of the principal negotiators of the at-issue agreement that is a centerpiece of the *Zetia* MDL trial. The *Zetia* MDL Rule 43 Order expressly finds that Soni's live trial testimony is critical and provides authorization for his live trial testimony to be taken from this Court (or an agreed-upon alternative) and contemporaneously transmitted to the jury in Norfolk, Virginia. Petitioners advised Soni at least as early as February 16, 2023 of the need for his live trial testimony. The *Zetia* MDL court issued its Rule 43 Order on March 22, 2023. Soni failed to respond Petitioners' final, March 28, 2023 request for his voluntary appearance.[1] This trial appearance enforcement action followed.

---

[1] *See* Mar. 28, 2023 B. Demuth email, attached as Exhibit 1 to the Declaration of Bradley J. Demuth ("Decl.") submitted herewith.

I.     ARGUMENT

Good cause and compelling circumstances justify an immediate order by this Court requiring Soni to appear at United States District Court for the Southern District of New York to testify live for the *Zetia* MDL trial in the Eastern District of Virginia. Such an order has been expressly authorized by the *Zetia* MDL court, is permitted under the Federal Rules, and is important to the administration of justice.

A.     **Good Cause and Compelling Circumstances Require Soni to Testify Remotely.**

The *Zetia* MDL court ruled expressly that Rule 43(a)'s "good cause and compelling circumstances" requirement was met and justified the taking of Soni's trial testimony remotely. Specifically, the *Zetia* MDL court found that compelling circumstances exist to require Soni, and two other key witnesses residing outside Norfolk's 100 mile radius, to testify live at the *Zetia* MDL trial by contemporaneous video transmission from a remote location because Soni and these other witnesses are "central[] to disputed issues in the case" and possess "critical evidence that relates to the formation of the agreement that underlies this potentially billion-dollar action."[2] Because Soni is a critical witness to the Zetia MDL trial, this Court should grant the petition and enforce the order authorizing Soni's live trial appearance.[3]

B.     **Rules 43 and 45 Permit This Court to Compel Soni to Testify.**

The Federal Rules permit this Court to order Soni to appear for remote testimony. "When an order under Rule 43(a) authorizes testimony from a remote location, the witness can

---

[2] *See, e.g.*, Decl. Ex. 2, Mar. 22, 2023 Hr'g Tr. at 22, 23-24, 39; Decl. Ex. 3, ECF No. 2033 (minutes for bench rulings).

[3] *See Compass, Inc. v. Real Est. Bd. of New York, Inc.*, No. 21-cv-2195, 2022 WL 2967566, at *1 (S.D.N.Y. July 27, 2022) ("the court must be especially wary of attempts to relitigate the same issues before a new audience").

be commanded to testify from any place described in Rule 45(c)(1)."[4] Under Rule 45(c)(1), a person may be commanded to "attend a trial, hearing, or deposition" at a location "within 100 miles of where the person resides, is employed, or regularly transacts business in person." That geographical limitation was intended to "protect third parties from the undue burden of traveling more than 100 miles to provide testimony or produce documents in a proceeding to which they are not a party."[5] As discussed above, purchasers have obtained an order under Rule 43(a), finding that "there are compelling circumstances that would justify the presentation of witness testimony live from these witness [including Soni] by remote means with appropriate safeguards."[6] Accordingly, Soni may be compelled to testify anywhere within 100 miles of where he lives or works—including this Courthouse.

It would be incorrect for Soni to assert—as he may—that no court may compel him to testify outside 100 miles of the Walter E. Hoffman United States Courthouse in Norfolk. That "narrow reading" of Rules 43 and 45 "is not consistent with the view of most federal courts," for which there is an "overwhelming consensus" that "Rules 43(a) and 45 should be read in tandem" to permit remote testimony from any location within 100 miles of where the witness lives or works—even if the ordering court is *more* than 100 miles from the witness.[7] Any argument to

---

[4] Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendments.

[5] *United States v. $110,000 in United States Currency*, No. 21-cv-981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) (citing Fed. R. Civ. P. 43, Advisory Committee Notes to 2013 amendment).

[6] Decl. Ex. 2 at 39:1-4.

[7] *In re: 3M Combat Arms Earplug Prod. Liab. Litig.,* No. 19-md-2885, 2021 WL 2605957, at *3 (N.D. Fla. May 28, 2021); *see also Walsh v. Tara Constr., Inc.*, No. 19-cv-10369, 2022 WL 1913340, at *2 (D. Mass. June 3, 2022) (noting that it is the "prevailing position among district courts both within and outside this circuit" that a court may order testimony "from any place within 100 miles of [a witness's] residence, place of employment, or place where she regularly conducts business"); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 16-17039, 2021 WL 6202422, at *3 (E.D. La. July 26, 2021); *Off. Comm. of Unsecured Creditors v. Calpers*

the contrary would be especially inapt here, as it has already been held that good cause and compelling circumstances warrant Soni's remote appearance and this Court undoubtedly has within its subpoena power a witness residing less than 100 miles away.

C. **The Court Should Enforce the *Zetia* Order Finding Good Cause and Compelling Circumstances for Remote Testimony.**

Soni should be required to appear at this Courthouse to testify remotely for the *Zetia* MDL trial. It is common for federal courts to facilitate remote testimony for a sister court.[8] No more is required of this Court than is required to compel a deposition; the Court does not need to rule on objections or even oversee Soni's testimony. Soni is a central actor in the conduct challenged in the *Zetia* action and has been aware of the purchasers' desire to take his testimony live for months. Although Judge Miller preferred that Soni would voluntarily appear,[9] he

---

*Corporate Partners LLC*, No. 18-cv-68, 2021 WL 3081880, at *3 (D. Me. July 20, 2021); *$110,000 in U.S. Currency*, 2021 WL 2376019, at *3; *Int'l Seaway Trading Corp. v. Target Corp.*, No. 20-mc-86, 2021 WL 672990, at *4-5 (D. Minn. Feb. 22, 2021); *In re Newbrook Shipping Corp.*, 498 F. Supp. 3d 807, 815 (D. Md. 2020), *vacated on other grounds by* 31 F.4th 889 (4th Cir. 2021); *Redding v. Coloplast Corp.*, No. 19-cv-1857 (M.D. Fla. Aug. 28, 2020), ECF No. 164; *Diener v. Malewitz*, No. 18-cv-85, 2019 WL 13223871, at *7 (D. Wyo. Oct. 18, 2019); *Aoki v. Gilbert*, No. 11-cv-2797, 2019 WL 1243719, at *1-2 (E.D. Cal. Mar. 18, 2019); Order at 5-6, *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, No. 14-md-2541 (N.D. Cal. Aug. 31, 2018), ECF No. 1016 ("NCAA Order"); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4-5 (E.D. La. May 26, 2017); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, MDL No. 11-2244, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 9, 2016); Order at 2-3, *Hall v. Boston Sci. Corp.*, No. 15-cv-338 (W.D. Wisc. Sept. 9, 2015), ECF No. 80; *In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-cv-00064, 2014 WL 107153, at *9-10 (W.D. La. Jan. 8, 2014); *Novovic v. Greyhound Lines, Inc.*, No. 2:09-CV-00753, 2012 WL 252124, at *8 (S.D. Ohio Jan. 26, 2012).

[8] *See Xarelto Prod. Liab. Litig.*, 2017 WL 2311719, at *5 (compelling witness "to appear at trial of this matter as a witness in the United States Courthouse for the District of New Jersey"); *Mullins v. Ethicon, Inc.*, No. 2:12-CV-02952, 2015 WL 8275744, at *3 (S.D.W. Va. Dec. 7, 2015) (ordering testimony from a "suitably equipped federal court in the appropriate district"); *Warner v. Cate*, No. 12-cv-1146, 2015 WL 4645019, at *2 (E.D. Cal. Aug. 4, 2015) (same); *Actos Prod. Liab. Litig.*, 2014 WL 107153, at *11 (same); *Novovic*, 2012 WL 252124, at *7 (ordering witnesses to appear in federal courthouses in Illinois, Texas, and Pennsylvania).

[9] Decl. Ex. 2 at 33:7 ("I would prefer they all just come.").

expressly left Soni's compliance to a court within 100 miles of Soni.[10] Because the *Zetia* trial is "an important trial" with "incredibly complicated evidence that the jury would benefit from hearing live"[11] and because Soni's testimony is "critical,"[12] this Court should order Soni's appearance at the Southern District of New York to testify remotely and hold him in contempt if he fails to so appear.

## II.   CONCLUSION

For the foregoing reasons, the Court should enforce the *Zetia* MDL court's Rule 43 witness appearance order, immediately issue the proposed order to show cause requiring Soni to respond to the petition by April 10, 2023 and ultimately appear at the United States District Court for the Southern District of New York on April 19, 2023 to testify remotely for the *Zetia* MDL trial.

Dated: April 3, 2023                                                                 Respectfully submitted,

By:  /s/ *Bradley J. Demuth*
Bradley J. Demuth
Raymond N. Barto
**FARUQI & FARUQI LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
(212) 983-9330
bdemuth@faruqilaw.com
rbarto@faruqilaw.com

*Counsel for Petitioners Rochester Drug Cooperative, Inc. and MLI RX, LLC*

---

[10] *Id.* at 22:6-19.

[11] *Id.* at 23:25-24:2.

[12] *Id.* at 31:24-32:2.

5

## CERTIFICATE OF SERVICE

      I, Bradley J. Demuth, certify that, on this date, I caused the foregoing document to be personally served upon Vijay Soni.

Dated: April 3, 2023                                /s/ *Bradley J. Demuth*
                                                          Bradley J. Demuth